UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MOSES KEON WILLIAMS,

      Plaintiff,

v.

                        Case No. 2:21-cv-11631
                        District Judge Sean F. Cox
                        Magistrate Judge Kimberly G. Altman

CHARLES JAMSEN, SIRENA
LANDFAIR, and NATALIA STOKELY,

      Defendants.

_____/

**REPORT AND RECOMMENDATION ON DEFENDANT SIRENA
LANDFAIR'S MOTION TO DISMISS/MOTION FOR SUMMARY
JUDGMENT (ECF No. 22)[1]**

I.    Introduction

This is a civil rights case under 42 U.S.C. § 1983.  Plaintiff Moses Keon

Williams, proceeding *pro se*, is suing three defendants, Dr. Charles Jamsen, Sirena

Landfair, a Heath Unit Manager, and Natlia Sokely, a nurse, challenging the

adequacy of the medical care he received while incarcerated.  *See* ECF No. 1.

Under 28 U.S.C. § 636(b)(1), all pretrial matters were referred to the undersigned.

(ECF No. 14).  Before the Court is Landfair's motion to dismiss for failure to state

---

[1] Upon review of the parties' papers, the Court deems this matter appropriate for
decision without oral argument.  *See* Fed. R. Civ. P. 78(b); E.D. Mich. LR
7.1(f)(2).

a claim or, in the alternative, motion for summary judgment on the basis of exhaustion.  (ECF No. 22).  For the reasons that follow, the undersigned RECOMMENDS that Landfair's motion to dismiss be GRANTED on the grounds that Williams has failed to state a viable claim against her.

## II.    Background

The following facts are gleaned from the complaint and focus on the facts that concern Landfair.

On or about July 5, 2018, Williams was transported from G. Robert Cotton Correction Facility (JCF) to Henry Ford Allegiance Hospital in Jackson, Michigan in order to undergo exploratory surgery to remove a possibly cancerous cyst from his right testicle.  (ECF No. 1, PageID.4).  During the surgery, Dr. Pinson discovered that there was in fact no cyst and Williams' testicle was merely enlarged.  (*Id*., PageID.4-5).  He then ended the surgery.  (*Id*.).  During the post-surgery, recovery phase, medical staff instructed Williams to take all medications prescribed by Dr. Pinson "to combat the pain and prohibit bacteria."  (*Id*., PageID.5).  Despite this instruction, Williams was not provided any medications at JCF during the period beginning July 5, 2018 and ending August 16, 2018.  (*Id*.).

During this period, Williams was under the direct care of Dr. Jamsen and Nurse Stokely while Landfair acted in her capacity as Health Unit Manager.  (*Id*.).  Williams kited Landfair on July 26, 2018, and informed her about his concerns

regarding the lack of care he was receiving from Dr. Jamsen and Nurse Stokely. (*Id.*, PageID.6). On August 2, 2018, William kited Landfair again. (*Id.*, PageID.7). He received no response. (*Id.*). Williams then filed a grievance "regarding the deliberate indifference to his post surgery medical need." (*Id.*). Eventually, Williams was transferred to a new correctional facility where his medical needs were met. (*Id.*, PageID.7-8).

### III.    Analysis

In her motion, Landfair requests both dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim and summary judgment under Federal Rule of Civil Procedure 56 for failure to exhaust. Landfair's motion for summary judgment will be addressed first.

### A.    Motion for Summary Judgment

#### 1.    Standard

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it might affect the outcome of the case under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court "views the evidence, all facts, and any inferences that may be drawn from the facts in the

3

light most favorable to the nonmoving party." *Pure Tech Sys., Inc. v. Mt. Hawley Ins. Co.*, 95 F. App'x 132, 135 (6th Cir. 2004).

"The moving party has the initial burden of proving that no genuine issue of material fact exists. . . ." *Stansberry v. Air Wis. Airlines Corp.*, 651 F.3d 482, 486 (6th Cir. 2011) (internal quotations omitted); cf. Fed. R. Civ. P. 56(e)(2) (providing that if a party "fails to properly address another party's assertion of fact," the court may "consider the fact undisputed for purposes of the motion"). "Once the moving party satisfies its burden, 'the burden shifts to the nonmoving party to set forth specific facts showing a triable issue.' " *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 453 (6th Cir. 2001) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

The fact that Williams is *pro se* does not reduce his obligations under Rule 56. Rather, "liberal treatment of pro se pleadings does not require lenient treatment of substantive law." *Durante v. Fairlane Town Ctr.*, 201 F. App'x 338, 344 (6th Cir. 2006). In addition, "[o]nce a case has progressed to the summary judgment stage, . . . 'the liberal pleading standards under *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 512-13 (2002)] and [the Federal Rules] are inapplicable.' " *Tucker v. Union of Needletrades, Indus., & Textile Employees*, 407 F.3d 784, 788 (6th Cir. 2005) (quoting *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004)).

2.      Application

Landfair argues that Williams did not exhaust his administrative remedies as

to her.  She says that Williams failed to name her in either of the two grievances he

filed concerning the lack of medical care he received while incarcerated at JCF.

Williams responds that he named the "HUM" in one of his grievances (JCF-18-08-

1824-28c) and that "HUM" is a known acronym for "Health Unit Manager," which

is the title of Landfair's position at JCF.  Landfair replies that the supplement to

the grievance submitted by William wherein he named the "HUM" was not

submitted at Step III and was, thus, not properly exhausted.  She further suggests

that the supplemental pages may have been fabricated.

The Prison Litigation Reform Act (PLRA) requires prisoners to "properly"

exhaust all "available" administrative remedies prior to filing a lawsuit challenging

prison conditions.  42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 88-90, 93

(2006).  Proper exhaustion of administrative remedies "means using all steps that

the agency holds out, and doing so *properly* (so that the agency addresses the

issues on the merits)." *Woodford*, 548 U.S. at 91 (internal quotation marks and

citation omitted and emphasis in original).  Requiring exhaustion allows prison

officials an opportunity to resolve disputes concerning the exercise of their

responsibilities before being haled into court and produces a useful administrative

record.  *Jones v. Bock*, 549 U.S. 199, 204 (2007).  The PLRA does not detail what

"proper exhaustion" entails because "it is the prison's requirements, and not the

PLRA, that define the boundaries of proper exhaustion." *Id*. at 218.

"Failure to exhaust administrative remedies is an affirmative defense, which

the defendant has the burden to plead and prove by a preponderance of the

evidence." *Lee v. Willey*, 789 F.3d 673, 677 (6th Cir. 2015).  But a prisoner

countering a motion alleging failure to exhaust "must offer competent and specific

evidence showing that he indeed exhausted his remedies, or was otherwise excused

from doing so." *Sango v. Johnson*, No. 13-12808, 2014 WL 8186701, at *5 (E.D.

Mich. Oct. 29, 2014), *report and recommendation adopted*, 2015 WL 1245969

(E.D. Mich. Mar. 18, 2015).  Granting summary judgment because of a failure to

exhaust administrative remedies is not on the merits and thus requires dismissal

without prejudice.  *Adams v. Smith*, 166 F. App'x 201, 204 (6th Cir. 2006).

The Michigan Department of Corrections (MDOC) has established a three-

step process to review and resolve prisoner grievances.  "Under the [Michigan]

Department of Corrections' procedural rules, inmates must include the '[d]ates,

times, places and names of all those involved in the issue being grieved' in their

initial grievance." *Reed-Bey v. Pramstaller*, 603 F.3d 322, 324 (6th Cir. 2010).  As

noted by the Court in *Woodford*, one of the purposes of requiring proper

exhaustion is to "provide[ ] prisons with a fair opportunity to correct their own

errors." *Woodford*, 548 U.S. at 94.  To be sufficient, a grievance need not "allege a

6

specific legal theory or facts that correspond to all the required elements of a

particular legal theory." *Burton v. Jones*, 321 F.3d 569, 575 (6th Cir. 2003).

Nonetheless, the grievance must give "fair notice of the alleged mistreatment or

misconduct that forms the basis of the constitutional or statutory claim made

against a defendant in a prisoner's complaint." *Id.*

Specifically, under MDOC Policy Directive 03.02.130, prisoners must

provide the following information at Step I of the grievance process: "The issues

should be stated briefly but concisely.  Information provided is to be limited to the

facts involving the issue being grieved (i.e., who, what, when, where, why, how).

Dates, times, places, and names of all those involved in the issue being grieved are

to be included."  MDOC Policy Directive 03.02.130(R) (underscoring omitted).

Here, Williams alleges that he submitted a several page supplement to

grievance JCF-18-08-1824-28c wherein he names the "HUM."  (ECF No. 29,

PageID.160-164).  Landfair, in turn, argues that the supplemental pages were not

submitted through Step III and that they may have been fabricated.  (ECF No. 34,

PageID.221-222).

This case is analogous to *Durden v. Price*, No. 21-11035, 2022 WL 1311701

(E.D. Mich. March 24, 2022), *report and recommendation adopted*, 2022 WL

1308812 (E.D. Mich. May 2, 2022).  In that case, the prisoner-plaintiff was

accused of failing to submit his Step I grievance with his Step III appeal and the

prisoner-plaintiff argued in response to the defendants' motion for summary

judgment on exhaustion grounds "that he did in fact include with his Step III

appeal a copy of his Step I grievance and response." *Id*. at *4. The Magistrate

Judge ultimately concluded that this statement created a genuine issue of fact

regarding the exhaustion of administrative remedies, which precluded summary

judgment. *Id*. In so deciding, the Magistrate Judge relied on *Miles v. Rink*, No.

2:19-cv-167, 2021 WL 2019765 (W.D. Mich. April 15, 2021), *report and*

*recommendation adopted*, 2021 WL 2018315 (W.D. Mich. May 20, 2021). In

*Miles*, the Magistrate Judge stated that "[t]he case law suggests that when a

prisoner submits some evidence that he submitted his Step III grievance appeal, he

has satisfied his burden of responding to a motion seeking dismissal for failure to

exhaust his Step III grievance appeal. Ultimately, it is Defendants' burden to

establish a lack of genuine issue of fact regarding the exhaustion of administrative

remedies." *Id*. at *6.

Here, like in *Durden* and *Miles*, there is an issue of genuine fact regarding

the exhaustion of administrative remedies making summary judgment on this

ground inappropriate. This is because Williams claims he grieved the HUM in the

supplement to his grievance and he has supported this claim by submitting the

alleged supplement to this Court for consideration. Landfair's challenge to the

legitimacy of the supplement is not properly resolved at the summary judgment

stage.  Thus, Landfair's motion for summary judgment on exhaustion grounds should be denied.

### B.      Motion to Dismiss

#### 1.      Standard

When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "construe the complaint in the light most favorable to plaintiff and accept all allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (concluding that a plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action . . .").  Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted).  "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing

explanations for the defendant's conduct." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Furthermore, the Court holds *pro se* complaints to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even in pleadings drafted by *pro se* parties, " 'courts should not have to guess at the nature of the claim asserted.' " *Frengler v. Gen. Motors*, 482 F. App'x 975, 976-77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)). Moreover, "courts may not rewrite a complaint to include claims that were never presented . . . nor may courts construct the Plaintiff's legal arguments for him. . . . [N]either may the Court 'conjure up unpled allegations[.]' " *Rogers v. Detroit Police Dept.*, 595 F.Supp.2d 757, 766 (E.D. Mich. 2009) (Ludington, J., adopting report and recommendation of Binder, M.J.).

## 2.    Application

Williams attempts to state an Eighth Amendment deliberate indifference claim against Landfair because she "completely ignored" his kites complaining of the care he was receiving from Dr. Jamsen and Nurse Stokely. (ECF No. 1, PageID.8-9). Landfair, however, argues that this claim should be dismissed

because it fails to assert how Landfair personally violated Williams' rights and
because there is no supervisory liability in a § 1983 claim.

Under the Eighth Amendment, prisoners have a constitutional right to
medical care. *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). Prison officials may
not act with deliberate indifference to the medical needs of their prisoners. *Id*. at
104. An Eighth Amendment claim has two components, one objective and the
other subjective. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Comstock v.
McCrary*, 273 F.3d 693, 702 (6th Cir. 2002). Under the objective component, "the
plaintiff must allege that the medical need at issue is 'sufficiently serious.' " *Id*. In
*Farmer*, the Court held that the objective test requires that "the inmate show that
he is incarcerated under conditions posing a substantial risk of serious harm." *Id*.
at 834; *see also Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895 (6th Cir. 2004).
Under the subjective component, "the plaintiff must allege facts which, if true,
would show that the official being sued subjectively perceived facts from which to
infer substantial risk to the prisoner, that he did in fact draw the inference, and that
he then disregarded that risk." *Comstock*, 273 F.3d at 702.

Furthermore, as for any claim under § 1983, Williams' "allegations must
demonstrate that each defendant [ ], through his or her own individual actions,
*personally violated* [his] rights." *Johnson v. Moseley*, 790 F.3d 649, 653 (6th Cir.
2015) (emphasis in original) (citing *Iqbal*, 556 U.S. at 676). "It is well-settled that

11

[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under the theory of respondeat superior." *Peatross v. City of Memphis*, 818 F.3d 233, 241 (6th Cir. 2016) (internal quotation marks omitted). Accordingly, as Landfair correctly argues, she cannot not be held liable simply because she is the supervisor of Dr. Jamsen and Nurse Stokely.  This is true even if Dr. Jamsen and Nurse Stokely did violate Williams' rights.

The undersigned also believes that Williams' claim against Landfair could be read as one for failure to intervene in his medical treatment, or lack of medical treatment as the case may be.  "However, the Sixth Circuit has never extended the failure to intervene to medical treatment. . . ." *Dittmer v. Corizon Health, Inc.*, No. 20-CV-12147, 2020 WL 6544784, at *7 (E.D. Mich. Nov. 6, 2020).  Accordingly, even if Dr. Jamsen and Nurse Stokely were deliberately indifferent to Williams' medical needs, Landfair cannot be held liable for failing to intervene in their alleged inadequate care.  Thus, the claims against Landfair should be dismissed for failure to state a claim.

## IV.   Conclusion

For the reasons stated above, the undersigned RECOMMENDS Landfair's motion to dismiss be GRANTED on the grounds that Williams has failed to state a

viable claim against her.  The case would then continue at this time against Dr.

Jamsen and Nurse Stokely.


Dated: March 19, 2022                    s/Kimberly G. Altman
Detroit, Michigan                        KIMBERLY G. ALTMAN
                                         United States Magistrate Judge


## NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and

Recommendation.  Any objections must be filed within 14 days of service, as

provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).

Failure to file specific objections constitutes a waiver of any further right of

appeal.  *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health &*

*Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991).  Filing objections that raise some

issues but fail to raise others with specificity will not preserve all the objections a

party might have to this Report and Recommendation.  *Willis v. Sec'y of Health &*

*Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of*

*Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Under Local Rule

72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No.

2," etc.  Any objection must recite precisely the provision of this Report and

Recommendation to which it pertains.  Not later than 14 days after service of an

objection, the opposing party may file a concise response proportionate to the

objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR

72.1(d).  The response must specifically address each issue raised in the objections,

in the same order, and labeled as "Response to Objection No. 1," "Response to

Objection No. 2," etc.   If the court determines that any objections are without

merit, it may rule without awaiting the response.


## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon
counsel of record and any unrepresented parties via the Court's ECF System to
their respective email or First Class U.S. mail addresses disclosed on the Notice of
Electronic Filing on May 24, 2022.


s/Carolyn Ciesla
CAROLYN CIESLA
Case Manager