UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MOSES KEON WILLIAMS,

    Plaintiff,

v.                                   Case No.  21-cv-11631

CHARLES JAMSEN and             Sean F. Cox
NATALIA STOKELY-HAMDAN,     United States District Court Judge

    Defendants.
_____/

**ORDER ACCEPTING 12/21/22 REPORT & RECOMMENDATION**
**AND DENYING SUMMARY JUDGMENT MOTION FILED BY DEFENDANTS**
**JAMSEN AND STOKELY-HAMDAN**

Plaintiff Moses Keon Williams ("Plaintiff") filed this prisoner civil rights case under 42 U.S.C. § 1983, asserting claims against three Defendants, pertaining to the medical care he received while incarcerated.  This matter was referred to Magistrate Judge Kimberly Altman for all pretrial proceedings.

At this juncture, only Plaintiff's claims against Defendant Charles Jamsen, M.D. and Defendant Natalya Stokely-Hamdan, N.P., remain.  Those two Defendants filed a joint summary judgment motion, asserting that: 1) Plaintiff failed to exhaust his administrative remedies; and 2) Plaintiff's deliberate indifference claims against them are insufficient to survive summary judgment in any event.  In a Report and Recommendation issued on December 21, 2022 ("the R&R"), Magistrate Judge Altman recommends that this Court deny the motion and reject both challenges.

The matter is now before this Court on Defendants' objections to the magistrate judge's

R&R. Pursuant to Fed. R. Civ. P. 72(b), this Court reviews *de novo* any part of the magistrate judge's R&R that has been properly objected to. This Court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

I.   **Recommendations Regarding Exhaustion Challenge**

Defendants assert two objections that are related to the magistrate judge's recommendations regarding their exhaustion challenge. Defendants assert that the R&R erred in stating that Defendants did not raise argument as to whether the grievance properly exhausted Plaintiff's administrative remedies. (Defs.' Objection No. 1). They also assert that the R&R erred in concluding that the grievance properly exhausts Plaintiff's administrative remedies. (Defs.' Objection No. 2). The Court rejects these objections.

In their opening brief, Defendants noted that Plaintiff "filed one grievance related to his claims against Dr. Jamsen and NP Stokely-Hamden, which he filed on August 6, 2018." (Defs.' SJ Br. at 9). Their motion states that the "grievance was rejected on August 15, 2018, for having grieved multiple issues," and it "was subsequently rejected at Step II and Step III." (*Id.* at 10). Defendants noted that the policy at issue states that a grievance may be rejected if it "contains multiple unrelated issues." (*Id.* at 10). But Defendants did not assert that the grievance at issue actually contained multiple unrelated issues. Rather, Defendants simply argued that because Plaintiff's grievance was rejected, Plaintiff has not exhausted his administrative remedies. (*Id.* at 10). They did not address whether it was *properly* rejected.

In his response brief, Plaintiff stressed that a grievance has to contain multiple *unrelated* issues under the policy cited by Defendants and urged the Court to find that Plaintiff's grievance

2

was not properly rejected because it did not raise multiple unrelated issues. (Pl.'s Br. at 7).

Defendants then filed a reply brief in support of their motion, but it did not address exhaustion.

Given these events, the magistrate judge correctly observed that Defendants offered no argument that Plaintiff's "grievance was *properly* rejected" and that Defendants offered no rebuttal to Plaintiff's argument that his grievance contained only related issues. (R&R at 14). The undersigned judge agrees that "Defendants' lack of argument on the propriety of the rejection constitutes" a waiver of the arguments Defendants now seek to assert in their objections to the R&R.

## II.     Recommendations Regarding Challenge To Deliberate Indifference Claims

In the R&R, the magistrate judge also recommends that this Court reject Defendants' argument that Plaintiff's deliberate indifference claims against them are insufficient to survive summary judgment. Defendants assert several objections related to that recommendation.

Defendants assert that the R&R errs in "concluding that Dr. Jamsen encountered [Plaintiff] on August 13, 2018, during which [he] exhibited 'obvious signs of a serious medical need.'" (Defs.' Objection No. 4). In her analysis, the magistrate judge noted that Defendants "do not address [Plaintiff's] declaration that he encountered Dr. Jamsen on August 13, 2018, while exhibiting obvious signs of a serious medical need and was ignored." (R&R at 17). As their fourth objection, Defendants assert that is not accurate because Defendants' Reply Brief stated "that July 10, 2018, was the only encounter Dr. Jamsen had with Plaintiff." (Defs.' Objections at 8) (emphasis in original)  It is true that Defendants' reply brief so stated. They also directed the court to Dr. Jamsen's affidavit stating that his only encounter with Plaintiff was on July 10,

2018, and asserted that an August 13, 2018 encounter with Plaintiff was not supported by medical records. On a motion for summary judgment, however, the Court does not weigh conflicting evidence or make credibility determinations. And contrary to Defendants' assertion, this is not a situation where the plaintiff's testimony is "so blatantly contradicted" by record evidence, such as where videotape evidence exists, that no reasonable jury could believe it. The Court finds this objection without merit. The Court likewise finds Defendants' third objection to be without merit, because as this Court understands it, this objection contends that the July 10, 2018 encounter was the only one Dr. Jamsen had with Plaintiff and, standing alone, the evidence concerning that encounter is insufficient to allow Plaintiff's claim to proceed.

Defendants also assert that the R&R improperly analyzes the facts related to NP Stokely-Hamdan's involvement in Plaintiff's medical care. (Defs.' Objs. at 9). The Court disagrees. The magistrate judge carefully considered all of the relevant evidence in this regard and the Court concurs with her analysis and conclusions.

Finally, Defendants assert that the R&R improperly considers "post-h[o]c events" in consideration of the medical care provided by the Defendants. (Defs.' Objs. at 11). The Court finds this objection without merit. The Court concurs with the magistrate judge's conclusion that evidence that Plaintiff "was immediately hospitalized after being transferred to a different correctional institution" is "evidence that a jury could consider in evaluating" Plaintiff's deliberate indifference claim.

Accordingly, the Court **ORDERS** that the December 21, 2022 R&R is **ADOPTED. IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment is **DENIED.**

**IT IS SO ORDERED**.

                                                  s/Sean F. Cox
                                                  Sean F. Cox
                                                  United States District Judge

Dated: January 31, 2023