UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MOSES KEON WILLIAMS,

    Plaintiff,

v.

CHARLES JAMSEN
and NATALIA STOKELY-HAMDAN,

    Defendants.
_____/

Case No. 2:21-cv-11631
District Judge Sean F. Cox
Magistrate Judge Kimberly G. Altman

**<u>ORDER GRANTING COUNSEL FOR STOKELY-HAMDAN'S MOTION
FOR WITHDRAWAL OF ATTORNEY (ECF No. 66)
AND
GRANTING JAMSEN'S MOTION TO STAY (ECF No. 67)
AND
STAYING PROCEEDINGS FOR 90 DAYS</u>**[1]

I.    Introduction

This is a prisoner civil rights case under 42 U.S.C. § 1983. Plaintiff Moses Keon Williams (Williams), proceeding *pro se*, is suing three defendants, Charles Jamsen, M.D. (Dr. Jamsen), Sirena Landfair (Landfair), and Nurse Practitioner Natalya Stokely-Hamdan (Stokely-Hamdan), challenging the adequacy of the medical care he received while incarcerated. See ECF No. 1. Landfair has been

---

[1] Upon review of the parties' motions, the Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

1

dismissed for failure to state a claim, (ECF Nos. 35, 36), leaving Dr. Jamsen and Stokely-Hamdan as the remaining defendants.

Before the Court are two motions: counsel for Stokely-Hamdan has moved to withdraw their representation, (ECF No. 66), and Dr. Jamsen has moved to stay proceedings for ninety days, (ECF No. 67).[2] Plaintiff has not filed a response to either motion, and the time for doing so has passed. The motions were referred to the undersigned on November 2, 2023. (ECF No. 68). For the reasons that follow, both motions will be GRANTED, and proceedings will be STAYED for ninety days from the entry of this order. Stokely-Hamdan is advised that she may obtain new counsel; if she does not, she will be considered to be proceeding *pro se* at the end of the stay.

## II. Background

At all relevant times to the complaint, Dr. Jamsen and Stokely-Hamdan were employed by Corizon Health, Inc (Corizon). The parties represent, and the Court is aware, that Corizon filed a voluntary bankruptcy petition under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas (Case No. 23-90086 (CML)) in February 2023. (ECF

---

[2] "[A] 'motion to stay is nondispositive where it [does] not dispose of any claims or defenses and [does] not effectively deny . . . any ultimate relief sought.' " *Fluker v. Trans Union, LLC*, No. 1:22-CV-12240, 2023 WL 1112147, at *1 (E.D. Mich. Jan. 30, 2023) (quoting *Mitchell v. Valenzuela*, 791 F.3d 1166, 1170 (9th Cir. 2015)).

No. 66, PageID.546, ECF No. 67, PageID.554). Corizon is not a party to these proceedings, but Dr. Jamsen and Stokely-Hamdan represent that it provided indemnification and counsel to them prior to filing for bankruptcy. (*Id.*). Its bankruptcy proceedings are ongoing.

Stokely-Hamdan's counsel, members of Chapman Law Group, now seek to withdraw their representation of Stokely-Hamdan. They say that due to Chapman Law Group's own case against YesCare Corp., an entity formed to inherit Corizon's assets without inheriting its liabilities, (*see Chapman & Associates, P.C. d/b/a Chapman Law Group v. YesCare, Corp, et. al*, Case No. 2:23-cv-11210), they cannot represent their own interests "and the interests of the former Corizon employees without adversely impacting its duty to Corizon as a client/former client." (ECF No. 66, PageID.547). Stokely-Hamdan's counsel also states that they are "not currently being paid for any legal defense or counseling provided to former Corizon employees." (*Id.*, PageID.546). As such, they seek to withdraw from representing Stokely-Hamdan.

Dr. Jamsen was also represented by Chapman Law Group but has already obtained new counsel. He represents that he is "actively investigating and pursuing his rights with respect to defense and indemnification" but "as of this date . . . has no coverage" for either. (ECF No. 67, PageID.555). "Pending certain outcomes in the bankruptcy proceeding," Dr. Jamsen is concerned that he "may be

3

unjustly forced to cover the cost of defense and indemnification in this lawsuit with his own funds." (*Id.*).

Counsel for Dr. Jamsen represent that Corizon's bankruptcy stay remains in place but has not been extended to non-Corizon defendants. (*Id.*, PageID.556). Therefore, Dr. Jamsen requests a ninety-day stay of proceedings in this matter while his indemnification and costs for defense are to be determined.

### III. Motion to Withdraw

Determining whether counsel may withdraw is a matter left to a district court's discretion. *Brandon v. Blech*, 560 F.3d 536, 537 (6th Cir. 2009). When making its determination, a court considers the rules governing attorneys' professional conduct. *See id*. at 537-8. However, "[t]here are, of course, several occasions when a district court ought to prohibit counsel from withdrawing." *Id*. at 538. For example, "a district court may forbid withdrawal if it would work severe prejudice on the client or third parties." *Id*.

Under Michigan Rules of Professional Conduct Rule 1.7(a), "[a] lawyer shall not represent a client if the representation of that client will be directly adverse to another client." There is an exception where each client consents after consultation, but only if the lawyer reasonably believes the representation will not adversely affect the attorney-client relationship.

Further, under Michigan Rules of Professional Conduct Rule 1.16(b)(5) a

4

lawyer may withdraw from representation where "the representation will result in an unreasonable financial burden on the lawyer[.]" Chapman Law Group has demonstrated that its post-Corizon-bankruptcy representation of Stokely-Hamdan has, and will likely continue to, be a financial burden. For these reasons, Stokely-Hamdan's counsel's motion to withdraw is granted.

### IV.   Motion to Stay

This court's "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Clinton v. Jones*, 520 U.S. 681, 706 (1997). However, "it is . . . clear that a court must tread carefully in granting a stay of proceedings, since a party has a right to a determination of its rights and liabilities without undue delay." *Ohio Envtl. Council v. U.S. Dist. Court, S. Dist. of Ohio, E. Div.*, 565 F.2d 393, 396 (6th Cir. 1977).

Dr. Jamsen has presented good cause for a ninety-day stay of all proceedings in this matter. Though Dr. Jamsen is represented, the unresolved indemnity issues in this case cast a serious cloud on his ability to evaluate how to proceed. He would face significant hardship and inequity if he is required to move forward at this time not knowing whether Corizon will ultimately provide coverage for the claims against him. For that reason, his motion is granted, and proceedings are

stayed for ninety days from the entry of this order.

V.   Conclusion

For the reasons stated above, Chapman Law Group's motion to withdraw from representation of Stokely-Hamdan, (ECF No. 66), and Dr. Jamsen's motion to stay proceedings for ninety days, (ECF No. 67), are GRANTED, and proceedings are STAYED for ninety days from the entry of this order. Stokely-Hamdan is advised that she may obtain new counsel; if she does not, she will be considered to be proceeding *pro se* at the end of the stay.

SO ORDERED.

Dated: December 13, 2023  
Detroit, Michigan

s/Kimberly G. Altman  
KIMBERLY G. ALTMAN  
United States Magistrate Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 13, 2023.

s/Carolyn Ciesla  
CAROLYN CIESLA  
Case Manager